IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: LUIS FELIX BARED ESPINOSA, | : | CASE NO. 04-09172(ESL) |
| Debtor | : | CHAPTER 11 |
| _____ | : | |
| ANGELA LYNN ZAREAS, | : | ADV. NO. 04-0298 |
| Plaintiff | : | |
| v. | : | |
| LUIS FELIX BARED ESPINOSA, | : | |
| Defendant | : | |
| _____ | : | |

## OPINION AND ORDER

This case is before the court upon the debtor's response to the court's order to show cause why this case should not be dismissed. For the reasons set forth below, the debtor's motion is denied and the case, as well as the adversary, are dismissed.

## Background

Plaintiff and defendant/debtor were married and lived at Candina Reef Condominium in Condado, Puerto Rico. Debtor had a substance abuse problem and sought treatment outside of Puerto Rico. Debtor was unable to maintain his employment and became financially dependent upon his parents. Plaintiff and debtor had marital problems and ultimately divorced. While separated from debtor, plaintiff began living at the Condado condominium with her parents.

Debtor owned the Condado condominium prior to his marriage to the plaintiff. In April, 2002, plaintiff filed for divorce; in May, 2002, debtor sold the apartment to his parents; and in September, 2002, a final divorce decree was entered. Debtor borrowed

AO 72
(Rev. 8/82)

nearly $339,970 from his parents during the period between April, 2002 and August, 2004.  In September, 2004, debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code.

To say that the relationship between plaintiff and debtor, and their respective families, is contentious would be an understatement.  In May, 2005, plaintiff's parents filed a petition under chapter 7 of the Bankruptcy Code[1].  The parents of debtor herein filed a motion in that case to lift the automatic stay in order to enforce an eviction judgment obtained in the local court and, in September, 2005, plaintiff and her parents were evicted from the Condado condominium.

Debtor's petition includes three unsecured, non-priority creditors: (1) his father, in the amount of $339,970.00; (2) plaintiff, in the amount of $28,990.00 for alimony and $2,682.15 for medical expenses; and (3) Homero Gonzalez Lopez for $4,000.00 for his ex-wife's attorney's fees.  In terms of personal property, debtor's schedules detail $3,800.00 in clothing and jewelry, $12,716.00 in an individual retirement account, $123,550.00 in an investment account, and $169,346.00 in accounts receivable from his parents.  Debtor's schedules further indicate that he has no income and that his expenditures are paid for by his parents.  Debtors schedules also include five pending legal actions, all involving the plaintiff herein and the debtor as parties.  Debtor filed an amended statement of financial affairs in October, 2004, indicating income from employment in 2002 totaling $51,826.88, and income from his parents totaling $257,654.74 between August, 2002 and August, 2004.  Subsequently, debtor filed another

_____

[1]Case no. 05-04759 (GAC).

2

amended statement of financial affairs in November, 2004, indicating employment income of $5,159.79 in 2003.

Debtor's operating reports for September, 2004 - January, 2005 indicate no income and no expenses. No operating reports have been filed since February, 2005.

Debtor's father, Luis Bared San Martin, filed proof of claim no. 1 in the amount of $331,969.95 on September 20, 2004, and an amended proof of claim no. 2 in the amount of $339,969.95 on November 4, 2004[2]. Debtor's ex-wife (and plaintiff herein), Angela Zareas, filed proof of claim no. 3 in the amount of $145,120.00 on January 4, 2005. The United States Trustee filed an objection to claims no. 1 and 2, arguing that Luis Bared San Martin is an insider of the debtor under 11 U.S.C. §§ 101 (31) and (45) and that the proofs of claim do not include supporting documents as required by Fed. R. Bankr. P. 3001(c). On January 24, 2006, this court entered an order granting the objection to claim. Thus, the only remaining proof of claim is that of Angela Zareas, to which debtor filed an objection on September 23, 2005.

A preliminary pre-trial hearing was held on December 2, 2005. At the hearing the court noted that an examination of the record indicates that debtor has no income and no real property, no plan has been filed, and this matter is essentially a two-party dispute between the debtor and his ex-wife. At its conclusion, the court entered an order to the debtor to show cause why the bankruptcy petition should not be dismissed for the reasons

---

[2]The claims register for this case incorrectly lists these claims as being filed by Veronica Zareas, an error which led to this court's misstatement at the hearing on December 2, 2005 (dkt. # 49 at p. 10). Nevertheless, the trustee's objection, and this court's order granting the objection, correctly stated that the claims were filed by Luis Bared San Martin, and said error is not determinative to the issues herein.

3

stated in open court.

In his reply, the debtor argues that his case should not be dismissed because, despite his personal problems in the past, his financial rehabilitation is feasible, he has assets and anticipates gainful employment upon finishing medical school. Debtor explains that his income decreased from $51,000 in 2002 to zero in 2003 because he began attending medical school. Debtor alleges that his petition was filed in good faith and with the purpose of reorganizing his finances. Debtor attributes the plethora of filings in his bankruptcy case to the contentious relationship with plaintiff and between their families.

### Discussion

Section 1112 of the Bankruptcy Code provides that upon request of a party in interest, and after notice and a hearing, the court may convert a case under chapter 11 to a case under chapter 7, or dismiss the case, whichever is in the best interest of the creditors and the estate, for cause, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation". 11 U.S.C. § 1112(b)(1).[3] The decision as to whether to convert a case from chapter 11 to chapter 7 is one which is firmly within the court's discretion. 7 Lawrence P. King, et al., Collier on Bankruptcy ¶ 1112.04 (15th ed. rev'd 2005); In re Consolidated Pioneer Mortgage Entities, 248 B.R. 368 (9th Cir. BAP 2000). "In order to avoid the costs of chapter 11 in cases in which they

---

[3]Section 1112(b) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 § 442 (Apr. 20, 2005), effective for all cases filed on or after October 27, 2005; hence, the amended provisions to not apply herein.

4

are not justified, section 1112(b) was designed to provide the court with a powerful tool to weed out inappropriate chapter 11 cases at the earliest possible stage." Collier, ¶ 1112.04[2] at 1112-23.

Section 1112 does not define "cause", but lists several examples which may justify conversion or dismissal. Collier, ¶ 1112.01[2]. The list is not exclusive; the court may convert or dismiss a case for other reasons so long as they are sufficient to demonstrate cause. Id. The commentator notes that "each of the general categories of cause enumerated in the statute involves a situation in which it is typically unlikely that the benefits of reorganization will be achieved within a reasonable amount of time or at an acceptable cost"; in other words, the circumstances in which it is unreasonable for the chapter 11 case to proceed. ¶ 1112.04[3] at 1112-24. Thus, in cases where there is a continuing loss to, or diminution of, the chapter 11 estate, and an absence of a reasonable likelihood of rehabilitation of the chapter 11 debtor, it is appropriate to convert the case to chapter 7 or dismiss it, because it is unlikely that the debtor's reorganization will be achieved in a reasonable amount of time or at a reasonable cost, unless the court finds that there are mitigating circumstances which show that reorganization can be achieved within acceptable parameters.

The "diminution of the estate and lack of rehabilitation" standard set forth in § 1112(b)(1) has two basic requirements: first, whether the debtor has a negative cash flow or declining asset values, and second, whether there is a reasonable likelihood that the debtor's losses can be stemmed and the business placed back on a solid financial footing within a reasonable amount of time. An examination of debtor's operating

5

AO 72
(Rev. 8/82)

reports shows that debtor has no cash flow - no income, nor expenses.

However, the court must consider whether there is any reasonable prospect for reversing the debtor's losses and revitalizing the debtor as a viable business enterprise. The standard is whether the debtor's business prospects justify continuance of the reorganization effort. Collier, ¶ 1112.04[5][a][ii]. The court must determine whether the causes of the debtor's continuing losses can be corrected and whether the debtor is capable of remedying the problem - which, in most cases, depends on whether the debtor has formulated a reasonably detailed business plan, or can do so within a reasonable amount of time. Id. The debtor's opportunity to reorganize should be balanced against the protection of the creditors and the needs of the chapter 11 system as a whole. Id. "However honest in its efforts the debtor may be, and however sincere its motives, the District Court is not bound to clog its docket with visionary or impractical schemes for resuscitation." Id., citing Tennessee Publishing Co. v. American Nat'l Bank, 299 U.S. 18, 22, 57 S. Ct. 85, 81 L. Ed. 13 (1930).

The debtor has not established that he has the means to rehabilitate his financial situation nor a plan for doing so. Debtor has only stated that he is a medical school student. He has not presented to this court that he has any financial prospects which justify the continuance of his chapter 11 case. There is no indication that any potential benefits of reorganizing debtor's business affairs under chapter 11 will be achieved within a reasonable amount of time or at an acceptable cost to the creditors and the bankruptcy system.

Other examples of cause for conversion or dismissal of a case in § 1112(b)(1) are

AO 72
(Rev. 8/82)

the inability to effectuate a plan and unreasonable delay which is prejudicial to creditors. The former examines whether it is reasonable to expect that a plan can be confirmed within a reasonable amount of time. Collier, ¶ 1112/04[5][b]. "If it appears that a debtor has filed a chapter 11 case ostensibly to reorganize, but has no reasonable prospects of confirming a plan, then there would be no point in permitting the chapter 11 case to continue and cause would exist to convert or dismiss the case." Id., citing In re Abijoe Realty Corp., 943 F.2d 121, 128-29 (1st Cir. 1991) (debtor's "abysmal prospects for rehabilitation" warranted dismissal). Debtor herein has not even filed a plan, contrary to the provisions of 11 U.S.C. § 1121(b), which provides a debtor with an exclusive period of 120 days to file a plan of reorganization. As a general rule, if the debtor fails to file a plan of reorganization within the time frames set by section 1121, cause exists to convert or dismiss the case. Collier, ¶ 1112.04[5][l] at 1112-48. Furthermore, the record shows that debtor has no income, and has not had any income since 2003, instead living off of the donations of his parents. Debtor has no basis for funding a plan.

In evaluating whether there has been unreasonable delay which is prejudicial to creditors, the court must consider whether the debtor has engaged in some form of unreasonable delay, and whether the delay has been prejudicial. Collier, ¶ 1112.04[5][c]. "The most obvious example of an unreasonable delay that may be prejudicial to creditors is the unjustified failure to file a reasonable plan of reorganization in a timely fashion." Id. at 1112-44. This case has been pending nearly 17 months, yet debtor has not proposed any plan of reorganization, has not filed a disclosure statement, and has ceased filing operating reports. Furthermore, debtor did not appear for his deposition scheduled for

7

AO 72
(Rev. 8/82)

November 14, 2005, which has resulted in further delays in the progress of the adversary proceeding. There is sufficient basis for the court to conclude that there has been an unreasonable delay which is prejudicial to debtor's two creditors (only one of which has filed a proof of claim).

The court has not been dissuaded from it's conclusion at the December 2, 2005 hearing, that this is a two-party dispute between the debtor and his ex-wife, stemming from their contentious divorce proceedings, and is not properly a matter of financial reorganization under the Bankruptcy Code; rather, the bankruptcy court is simply being used as another forum for the parties to air their grievances.

### Conclusion

The court finds that it is in the best interest of the estate and the creditors to dismiss this case. Accordingly, case no. 04-09172, as well as adversary proceeding no. 04-0298, are hereby dismissed. The clerk shall enter judgment accordingly.

Additionally, the clerk of the court is hereby directed to correct the claims register in this case, as indicated in footnote 2.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of January, 2006.

ENRIQUE S. LAMOUTTE
United States Bankruptcy Judge

AO 72
(Rev. 8/82)